IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNEST J. CONNOR | : | CIVIL ACTION |
| v. | : | |
| ERIC HOLDER, et al. | : | NO. 10-2638 |

MEMORANDUM

McLaughlin, J.                                              October 21, 2010

      The pro se plaintiff in this action, Ernest J. Connor, has brought suit under the Federal Tort Claims Act (FTCA) against several federal officers and employees, seeking damages for injuries he sustained as a result of exposure to polychlorinated biphenyls (PCBs) while employed at the Philadelphia Navy Yard. The plaintiff alleges that he was never given protective equipment to shield against the chemicals and that he was never told of the dangers of PCBs. The defendants moved to substitute the United States as the proper defendant in this action and to dismiss the plaintiff's claims or, alternatively, for summary judgment. For the reasons that follow, the Court grants the defendants' motion to substitute the United States as the sole defendant and dismisses the plaintiff's complaint pursuant to Rule 12(b)(1) as barred by the applicable statute of limitations.

I.   The Plaintiff's Complaint and Prior Litigation

The subject matter of this action is identical to that of a suit brought before another judge of this court. Connor v. U.S. Dep't of Labor, No. 06-490, 2007 WL 1002119 (E.D. Pa. March 28, 2007). Many of the relevant facts are set forth in that opinion and the Court will supplement those facts with information from the plaintiff's complaint where appropriate.[1] The plaintiff began working at the Navy Yard in October of 1969 and his exposure to PCBs dates back to 1973. Compl. at 3. The plaintiff was terminated on September 30, 2001. Connor, 2007 WL 1002119 at *1. Sometime before September of 1999, the plaintiff was diagnosed with non-Hodgkin's lymphoma. Id. The plaintiff maintains that his illness was the result of exposure to PCBs and that it required surgery, chemotherapy, and radiation therapy. Compl. at 4.

On September 8, 1999, the plaintiff filed a Form CA-2 Notice of Occupational Disease and Claim for Compensation with the Office of Workers' Compensation Programs (OWCP). Connor, 2007 WL 1002119 at *1; Declaration of Edward Duncan, Ex. 3 to

---

[1] When a party moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, the Court may consider matters outside of the complaint in order to determine whether it has authority to hear the case. Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). The statute of limitations on an FTCA claim is considered a jurisdictional issue. Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995).

Defs.' M. to Dismiss. The OWCP initially denied his claim and several subsequent requests for reconsideration. Connor, 2007 WL 1002119 at *1. Eventually, the OWCP was persuaded that there was a causal relationship between the plaintiff's exposure to PCBs and his cancer, and the plaintiff was ultimately awarded lost wages from the period between April 11, 1999, and December 31, 1999. Id.

The plaintiff then filed two additional claims for compensation for disfigurement to his face and for leave taken without pay from January 1, 2000, until September 26, 2001. Id. at *2. The OWCP accepted the claim for disfigurement and paid the maximum award of $3,500 under 5 U.S.C. § 8107(21). Id. The OWCP found that the evidence did not support the lost-wages claim and asked the plaintiff to submit additional evidence.[2] Id.

On March 3, 2006, the plaintiff filed a complaint in this Court against the U.S. Department of Labor and the Philadelphia Navy Yard alleging that he had not received sufficient compensation for his injuries, and that he was entitled to damages for pain, suffering, and loss of income that resulted from the negligence of the defendants. Connor, 2007 WL

---

[2] On February 13, 2008, the plaintiff apparently submitted a new claim for wage loss during the period from January 2, 2000, through September 2001. Declaration of Antonio Rios, Ex. 4 to Defs.' M. to Dismiss. The OWCP denied his claim with the exception of two dates and, as far as the Court is aware, the plaintiff has not yet appealed the decision. See Id.

3

1002119 at *2. The case was assigned to the Honorable Gene E. K. Pratter, who dismissed the plaintiff's claims for compensation with prejudice for lack of subject matter jurisdiction, finding that the Federal Employees' Compensation Act (FECA) provides the exclusive remedy for federal employees seeking compensation for employment-related injuries and that judicial review of determinations made pursuant to the FECA is foreclosed. Id. at *4. The court dismissed without prejudice any claims sounding in tort, finding that, although the court would have jurisdiction pursuant to the FTCA, the plaintiff had failed to exhaust all available administrative remedies as required by 28 U.S.C. § 2675(a). Section 2675 requires anyone bringing a claim against the United States under the FTCA to first file an administrative claim with the appropriate federal agency.[3]

---

[3] Section 2675(a) provides in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

4

On September 15, 2008, the plaintiff filed an administrative claim with the Department of the Navy, seeking damages for his injuries. SF-95, Ex. 1 to Defs.' M. to Dismiss; Pl.'s Opp. to M. to Dismiss. The Navy denied his claim and his subsequent request for reconsideration. January 21, 2010 Letter from Stephanie Corbin, Ex. 2 to Defs.' M. to Dismiss.

The plaintiff then filed this action against the United States Attorney General Eric Holder; Secretary of the Navy Raymond Mabus; United States Attorney Zane David Memeger; Stephanie Corbin, Managing Attorney with the Department of the Navy's Office of the Judge Advocate General; and Rapsody Johnson, a claims examiner with the U.S. Department of Labor's OWCP. The complaint assert claims under the FTCA and seeks damages in excess of $1 million for loss of wages, medical expenses, pain and suffering, shortened life expectancy, and loss of life's pleasures. Compl. at 4.

II. <u>The Defendants' Motion</u>

The defendants move to substitute the United States as the only proper defendant in this action and to dismiss the complaint as time-barred, or, alternatively, for summary judgment.[4]

---

[4] The defendants also argue that the plaintiff's claims are barred by res judicata. Because the Court finds that the plaintiff's FTCA claims are barred by the statute of limitations, it does not find it necessary to reach this issue.

A. <u>Substituting the U.S. as Defendant</u>

In 1988 Congress amended the FTCA by enacting the Federal Employees Liability Reform and Tort Compensation Act (Reform Act). The Reform Act provides for the absolute immunity of federal employees by establishing the FTCA as the exclusive remedy against the United States for negligent or wrongful acts committed by federal employees within the scope of their employment. 28 U.S.C. § 2679(b)(1); <u>United States v. Smith</u>, 499 U.S. 160, 161-63 (1991). When an action is brought against a federal employee, upon certification by the Attorney General that the employee was acting within the scope of his or her employment, the United States is substituted as the defendant. 28 U.S.C. § 2679(d)(1).[5] The certification is subject to judicial review for purposes of substitution. <u>Melo v. Hafer</u>, 912 F.2d 628, 642 (3d Cir. 1992).

The United States Attorney for the Eastern District of Pennsylvania, Zane David Memeger, provided certifications that both Stephanie Corbin and Rapsody Johnson were acting within the scope of their employment at all times relevant to this action. Certifications, Exs. 5 and 6 to Defs.' M. to Dismiss. The only contact between the plaintiff and Ms. Corbin was the January 10,

---

[5] 28 C.F.R. §§ 5.13(a) and 15.4 authorize the U.S. Attorney for the district where the civil action is brought to make the statutory certification that the employee was acting within the scope of employment.

6

2010 letter from Ms. Corbin denying the plaintiff's request for reconsideration of the Navy's denial of his administrative claim. The complaint does not allege any specific acts by Ms. Corbin and the plaintiff does not challenge the assertion that she was acting within the scope of her employment.

Ms. Johnson is a claims examiner with the OWCP and, again, the only contact with the plaintiff was in her role reviewing the plaintiff's claim for compensation under the FECA. <u>See</u> Certification, Ex. 6 to Defs.' M. to Dismiss. Here, too, the plaintiff does not allege any specific acts by Ms. Johnson and does not challenge the assertion that she was acting within the scope of her employment.

After reviewing the complaint and the U.S. Attorney's certifications, the Court finds that there is no genuine issue as to whether Ms. Corbin and Ms. Johnson were acting within the scope of their employment for the purposes of the plaintiff's allegations. Although the plaintiff does not state what exactly Ms. Corbin and Ms. Johnson did or failed to do, any possible grievances must have arisen out of the limited contact described above. Even giving the plaintiff the benefit of the liberal pleading standard afforded to pro se litigants, the plaintiff fails to allege any tortious conduct by either defendant and provides no grounds upon which the court could conclude that they were not acting within the scope of their employment.

The Court also finds that the plaintiff fails to state any claims against Mr. Holder, Mr. Memeger, or Mr. Mabus. Furthermore, none of these three defendants was in office between 1973 and 1999, the time period during which the alleged tortious conduct occurred. Nor can the Court discern what actions by any of these three defendants could plausibly form the basis for the plaintiff's complaint. Accordingly, all of the named defendants are dismissed from this action and the United States is substituted as the only defendant.

B. Statute of Limitations

Prior to filing a claim against the United States under the FTCA, the claimant must present his claim to the federal agency out of whose activity the claim arose. 28 U.S.C. § 2675(a). This is a jurisdictional requirement and cannot be waived. Livera v. First Nat'l State Bank of N.J., 879 F.2d 1186, 1194 (3d Cir. 1989). Because the FTCA is a limited waiver of sovereign immunity, its requirements are strictly construed. Id.

Moreover, the claim must be brought within two years after the claim accrues or it is "forever barred." 28 U.S.C. § 2401(b). Here, the plaintiff did not file a claim with the Department of Navy until September 15, 2008, at least nine years after his claim accrued. See United States v. Kubrick, 444 U.S. 111, 120 (1979) (stating that claim accrues under the FTCA when

"the plaintiff has discovered both his injury and its cause"). As with the administrative claim requirement, the statute of limitations is a condition of the FTCA's waiver of immunity and the court may not extend it. Peterson v. United States, 694 F.2d 943, 944-45 (3d Cir. 1982). As a result, the plaintiff's FTCA claim for damages is now barred.

Furthermore, the fact that a claim against the United States is barred by the statute of limitations does not mean that the plaintiff is entitled to recover against any individual federal employee or agent. See Smith, 499 U.S. at 166 (stating that the FTCA provides the "exclusive mode of recovery for the tort of a government employee even when the FTCA itself precludes Government liability"). Nor does the fact that the plaintiff styled this action as one against individual government employees affect the applicable statute of limitations. See 28 U.S.C. § 2679(d)(4)(stating that upon certification by the appropriate federal official that the defendant employee was acting within the scope of his employment at the time the incident arose, the suit "shall proceed in the same manner as any action against the United States filed pursuant to [the FTCA] and shall be subject to the limitations and exceptions applicable to those actions").

An appropriate Order shall issue separately.